IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

March 10, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

JUDY SMITH STEWART          )   SEVIER COUNTY
                            )   03A01-9806-CV-00180
      Plaintiff-Appellee    )
                            )
                            )
      v.                    )   HON. RICHARD R. VANCE,
                            )   JUDGE
                            )
JOHNNIE STEWART             )
                            )
      Defendant-Appellant   )   AFFIRMED AND REMANDED

CYNTHIA M. RICHARDSON OF SEVIERVILLE FOR APPELLANT

REBECCA D. SLONE OF DANDRIDGE FOR APPELLEE

O P I N I O N

Goddard, P.J.

      Johnnie Stewart appeals a judgment of the Circuit
Court for Sevier County which overruled his motion seeking to set
aside a divorce decree previously awarded to his wife, Judy Smith
Stewart.

      He raises the following two issues on appeal:

      I.  Whether the Trial Court erred in granting the
      parties a divorce from one another on stipulated
      grounds when only one party was represented by counsel

and the Complaint, pro se Answer, and Final Judgment of Divorce were all filed with the Court on the same day?

II. Whether the Trial Court erred in denying the Appellant's Motion to Set Aside pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure where the Appellant sought relief within thirty days of entry of the Court's judgment, was unrepresented by counsel in the divorce proceeding although the parties' marriage was of almost twenty-five years in duration, and was misled into believing that the grossly inequitable judgment rendered was in compliance with the requirements of the laws of the State of Tennessee?

We first observe that, although the motion addressed in issue two purports to be a Rule 60.02 motion, because it was filed within 30 days of entry of the final judgment, it is unnecessary to resort to such a motion because all of the questions raised could have been raised in a conventional motion for a new trial. In this regard, we note that in the latter case a party would not be constrained by the issue limitations of Rule 60.

In any event, it appears that Mr. Stewart was not represented by counsel at the final hearing which, as noted by the first issue on appeal, was held on the same day the case was filed.[1] It is also true that counsel for Ms. Stewart, although she never personally talked to Mr. Stewart, prepared his answer which Ms. Stewart apparently took to him and he agreed to sign. Moreover, the transcript of the hearing granting the divorce is not a part of the record, but it appears, as hereinafter set out

---

[1] The divorce was granted on stipulated grounds pursuant to T.C.A. 36-4-129, which does not require a waiting period, as does a divorce granted on irreconcilable differences pursuant to T.C.A. 36-4-102.

2

in the Trial Judge's order overruling the post-judgment motion, Mr. Stewart appeared at the divorce hearing and fully agreed to the terms contained in the final decree.

Although no witnesses were called in the hearing on the post-judgment motion, counsel stated to the Court the respective position of the parties, and in response the Trial Judge made the following determination:

> THE COURT: I recall the day that this matter was brought up for an announcement. I recall having previously on that day reviewed the file and considered the facts and the matters as set out in the complaint, and that he was here, that he did acknowledge that he understood and agreed with the agreement.
>
> The Court favors agreements. The parties agree to contract one with the other. In this case, we have an agreement which was essentially worked out between these parties. One had an attorney. The attorney did not negotiate this with Mr. Stewart. He negotiated this essentially on his own with his wife directly.
>
> The matters set forth in the agreement are substantial. The obligations are substantial. But this was a substantial marriage where eight children were born. This lady does not have the educational background, the ability to earn a living, as he does; bore eight children over this 25-year marriage, and still has four to raise.
>
> In looking at the factors that the Court would consider if it had to make an initial determination, considering his income, considering the amounts that were based upon his income as discussed between the parties, I cannot say as a matter of law any reason why this should be set aside.
>
> These parties agree to contract with one another. He had the opportunity to talk it over with an attorney. He's an educated man. He's not an attorney, but he certainly knew that if he felt he needed an attorney to consult with on his own, he could have.

3

For all these reasons I cannot say that this agreement should be set aside. The parties were both here, they acknowledged in court the agreement, so I will not set the Order aside, based upon that.

It is reserved that in the future as these children grow older, and things can change, circumstances can change. There's been no showing or even suggestion that any circumstances have changed since the entry of this Order, and that's always out there in the future. A material change of circumstance would affect it, but for all these reasons I will not deny the motion.[2]

Both parties do now have attorneys, and this matter is theirs. Certainly, the parties can talk to the attorneys and freely contract again if they choose to, but for the present time, the order will stand. Thank you.

Our review of the record persuades us that there is nothing contained in counsels' representations to impeach the Trial Court's findings of fact and conclusions of law.

Before concluding, we observe that awards of child support to the four minor children of the parties--which will be converted to alimony as each reaches his or her majority--and of alimony are never final but may be modified from time to time as warranted by changing circumstances.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for such further proceedings, if any, as may be necessary and collection of costs below. Costs of appeal are adjudged against Mr. Stewart and his surety.

---

[2] The Trial Court either misspoke or the court reporter mistranscribed, because the Trial Court did deny the motion.

4

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


___(Not Participating)_____
Don T. McMurray, J.